UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert L. Black,<br><br>                        Plaintiff,<br><br>vs.<br><br>Charter Communications,<br><br>                        Defendant. | C/A No. 7:10-2228-HFF-KFM<br><br><br><br>Report and Recommendation |

The Plaintiff, Robert L. Black (Plaintiff), proceeding *pro se*, filed the instant action, alleging breach of contract against Defendant Charter Communications. The complaint should be dismissed for lack of jurisdiction.

### Pro Se and *In Forma Pauperis* Review

The Plaintiff is a *pro se* litigant, proceeding pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915. The statute authorizes the district court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, the Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007)(*per curiam*). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

1

Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

## Background

Plaintiff's complaint states verbatim:

> About 2 years ago I got "BUNDLED" by Charter Communications. BUNDLE refers to all three of their services; cable tv, internet, and telephone. In the last two years they have been to my house 16 times to try and repair one or more of the three services, primarily the telephone. About one year ago they blamed me for having poor telephone lines in my house, which was NOT covered under my service agreement and I would have to pay for. I accepted this fact and hired a professional telephone company to disconnect all the lines into the house except of one to a telephone and one to a medical device that sends vital medical information to the Veterans Administration Hospital in Asheville, N.C. I am a Disabled American Veteran. The problems still continued. I later found out that I do have a service contract which covers this repair. They refuse to reimburse any money I paid to a 3rd party company.

Plaintiff indicates that he contacted the South Carolina Public Service Commission and the Governor about Charter Communication's actions, but was informed they were "powerless to help." Plaintiff seeks reimbursement of money to his account and any and all service records pertaining to services performed by Charter Communications on Plaintiff's premises.

## Discussion

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter

2

jurisdiction, there is no presumption that the court has jurisdiction.  *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d 394, 399 (4th Cir. 1999).  Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears."  *Bulldog Trucking*, 147 F.3d at 352.  *See also* F. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

A plaintiff must allege the facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).  *See also Dracos v. Hellenic Lines, Ltd.*, 762 F. 2d 348, 350 (4th Cir. 1985) ("plaintiffs must affirmatively plead the jurisdiction of the court").  To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.] "  If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis, the federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded."  *Pinkley, Inc. v. City of Frederick, MD.*, 191 F.3d at 399 (citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)).  Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).  If the court, viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction.  *Id.*

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. §

1332. As discussed below, the allegations contained in the Plaintiff's complaint do not fall within the scope of either form of this Court's limited jurisdiction. First, there is no basis for a finding of diversity jurisdiction over this complaint. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of $75,000.00. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). The instant complaint does not allege diversity jurisdiction, and the service addresses provided by Plaintiff indicate that both the Plaintiff and the Defendant are located in South Carolina.[1] In absence of diversity of citizenship, the amount in controversy is irrelevant.

Second, the essential allegations contained in the complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the complaint does not state a claim cognizable under this Court's "federal question" jurisdiction. Plaintiff's complaint involves a routine contract dispute. *See Mail Mart, Inc. v. Action Mktg. Consultants, Inc.*, 314 S.E.2d 351 (S.C. App.1984); *Rowland v. Pruitt*, 116 S.E. 456 (S.C. 1923). Generally, such disputes are a matter of state law to be heard in the state courts, unless diversity of citizenship is present. Additionally, Plaintiff makes no reference to any federal statute or constitutional provision in the complaint, and provides no facts to support any type of federal claim. Although a court must liberally construe a *pro se* complaint, a plaintiff must do more than make mere

---

[1] Plaintiff indicates that he is a resident of Spartanburg, South Carolina. Plaintiff provides both a South Carolina and Missouri service address for Defendant Charter Communications. *See* Complaint, page 3.

conclusory statements to state a claim. *Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995); *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994); *White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (complaint dismissed because "failed to contain any factual allegations tending to support his bare assertion"). While a plaintiff is not required to plead facts sufficient to prove the case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. *Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003). This Court is not required to develop tangential claims from scant assertions in the complaint. *See Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). As Plaintiff fails to provide sufficient facts to establish federal jurisdiction over this complaint, the case is subject to summary dismissal.

Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

August 30, 2010  s/Kevin F. McDonald
Greenville, South Carolina  United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).